UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JURIS IVANS,                                               :
                                                           :
                       Plaintiff,           :       **COMPLAINT**
                                                           :
    -against-                                             :
                                                           :
SUKHMANI INC. d/b/a TAMARIND TRIBECA,                      :
AVTAR SINGH WALIA, and GARY WALIA,                         :       **JURY TRIAL**
                                                           :       **DEMANDED**
                       Defendants.         :
------------------------------------------------------------X

       Plaintiff JURIS IVANS, by and through his attorneys, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This is an action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., the New York State Labor Law ("NYLL"), and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiff brings this proceeding to remedy retaliation for engaging in statutorily protected activity under the FLSA, 29 U.S.C. § 215(a)(3) and the NYLL § 215 insofar as after Plaintiff filed an FLSA and NYLL overtime lawsuit against Defendants, the Defendants promptly terminated Plaintiff's employment.

3. Defendants' actions were unlawful, and Plaintiff brings this action for declaratory and injunctive relief, lost earnings, compensatory damages, punitive damages, liquidated damages, attorneys' fees and other appropriate equitable and legal relief.

## JURISDICTION AND VENUE

1

4. Jurisdiction of this Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a), in that Plaintiff's NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants maintain their principal places of business in, do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

7. Plaintiff JURIS IVANS ("Plaintiff") resides in the County of Kings in the State of New York.

8. Plaintiff was employed as a long-term employee by Defendants as a waiter, as described herein, from 2010 until his termination, on March 17, 2015.

9. Plaintiff's written consent to sue is attached hereto as Exhibit "A".

10. At all times relevant to the within action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(c) and NYLL § 190(2).

11. Defendant Sukhmani, Inc. d/b/a Tamarind Tribeca is a New York State domestic corporation with its principal office and place of business at 99 Hudson Street, New York, NY 10013.

12. Defendant Avtar Singh Walia is the owner, chairman/chief executive officer, manager and/or operator of Defendant Sukhmani, Inc.

13. Defendant Avtar Singh Walia at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

14. Defendant Gary Walia is the chairman/chief executive officer, manager and/or operator of Defendant Sukhmani, Inc.

15. Defendant Gary Walia at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

16. Defendants grossed more than $500,000.00 in each of the last six (6) calendar years.

17. At all relevant times, each Defendant has been, and continues to be, an "employer," regularly engaged in interstate "commerce" and/or in the "production of goods" for "commerce," within the meaning of 29 U.S.C. § 203 and the NYLL.

## FACTUAL ALLEGATIONS

18. Defendants own and operate an Indian food restaurant located in Manhattan, New York.

19. From 2010 until on or about March 17, 2015, Defendants employed Plaintiff as a waiter.

20. Defendants generally scheduled Plaintiff to work six (6) days per work week, or fifty-seven (57) hours per workweek, at an hourly rate of $5.50 per hour, and at an hourly rate of between $8.63 and $9.98 per hour for some but not all overtime hours.

21. As a result of Defendants' failure to comply with the FLSA and NYLL, including their failure to compensate Plaintiff at a rate of one and one half (1 1/2) times his hourly rate of pay for the hours he worked in excess of forty (40) hours in a workweek, on Friday March 13, 2015, Plaintiff filed a complaint in the United States District Court, Southern District of New York, captioned *Ivans et al. v. Sukhmani, Inc., et al.,* index number 15-cv-01915, to complain of Defendants' violations of the FLSA and NYLL.

22. Defendants were extremely upset at Plaintiff – who was the named Plaintiff in the above-referenced lawsuit – for filing a lawsuit against them.

23. Defendants were served with copies of the Summons and Complaint in the above-referenced lawsuit on March 17, 2015, shortly after Noon.

24. Shortly after Defendants received the Summons and Complaint in the above-referenced lawsuit, and just as Plaintiff was starting his daily work, Plaintiff was ordered – by a manager named Suraj – to immediately leave and to go home.

25. Over the next few days Plaintiff called up inquiring about when he was going to be able to return to work – but he was not allowed to return to work.

26. Approximately one week thereafter, Plaintiff returned to Defendants' premises to see if he would be allowed to continue working at his job.

27. Defendants did not allow Plaintiff to return to work – he was ordered to remove his items from his locker and to immediately leave.

28. Defendants terminated Plaintiff's employment shortly in retaliation for the above-referenced lawsuit that he filed against Defendants.

29. Defendants' firing of Plaintiff was done as payback and retaliation for Plaintiff's filing of an FLSA and/or NYLL lawsuit against the Defendants.

30. At all times before Plaintiff was fired by Defendants, Plaintiff performed his job duties in a satisfactory manner.

31. Defendants had never taken any disciplinary action against Plaintiff nor have they ever issued any written criticism of Plaintiff's job performance.

32. Prior to his firing, Defendants never warned Plaintiff or even mentioned to him that his job was in jeopardy.

33. Because of the difficult economy, from on or about March 17, 2015 through October 2015, Plaintiff was not able to secure other employment since his illegal termination by Defendants.

34. Presently, Plaintiff earns substantially less at his subsequent place of employment than he earned working for Defendants.

35. Defendants, by the above referenced conduct, unlawfully retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3) by taking an adverse employment action based on his filing of a FLSA complaint against Defendants.

36. Defendants knew of, and/or showed reckless disregard for, the FLSA and NYLL anti-retaliation statutes.

37. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Retaliation – FLSA)**

38. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

39. By the above referenced conduct, Defendants retaliated against Plaintiff by terminating Plaintiff based on his filing of a complaint concerning Defendants' unlawful wage practices, in violation of 29 U.S.C. § 215(a)(3).

40. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff's statutorily protected rights.

41. As a consequence of Defendants' retaliatory actions in violation of the FLSA, Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary

damages, including lost wages, and is entitled to compensatory and punitive damages, as well as injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Unlawful Retaliation – NYLL)

42. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

43. Defendants, by the above referenced conduct, unlawfully retaliated against Plaintiff in violation of NYLL § 215, by terminating Plaintiff based on his filing of a complaint concerning Defendants' unlawful wage practices.

44. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff's statutorily protected rights.

45. Plaintiff has served notice of this complaint upon the Attorney General of the State of New York.

46. As a consequence of Defendants' retaliatory actions in violation of the NYLL, Plaintiff has suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages, including lost wages, and is entitled to compensatory and punitive damages, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for relief as follows:

(a) Declaration that the acts and practices complained of herein are in violation of the FLSA and NYLL;

(b) Permanent enjoinment and restraint of the violations alleged herein, pursuant to 29 U.S.C. § 217 and NYLL § 215;

(c) An award of damages, according to proof, including all damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, general and specific damages for lost compensation and job benefits he would have received but for Defendants' illegal conduct, FLSA and NYLL liquidated damages, punitive damages, and interest, to be paid by Defendants;

(d) Costs of this action incurred herein, including expert fees;

(e) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

(f) Pre-judgment and post-judgment interest, as provided by law; and

(g) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

Dated: March 21, 2017          Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES, LTD.

  /s/ DAVID HARRISON_____
David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, New Jersey 07701
(718) 799-9111 Phone
(718) 791-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT "A"

I am a current or former employee of Sukhmani, Inc. and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b). I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action.

Signed this 24 day of 02 , 2017

_____
Signature

_____
Full Legal Name (print)

Juris Vrans